E. P. REILLY ET AL., APPELLANTS, v. RICHARD M. LAVERTY: OAKLAND STATE BANK, APPELLEE.

FILED DECEMBER 18, 1931. NO. 27994.

*Rose, Wells, Martin & Lane* and *Griffin, Griffin & Griffin,* for appellants.

*Gaines, McGilton, McLaughlin & Gaines* and *C. O. Stauffer, contra.*

Heard before GOSS, C. J., DEAN and EBERLY, JJ., and CHASE and HASTINGS, District Judges.

PER CURIAM.

This action was begun in the district court for Douglas county by E. P. Reilly and William Sullivan, a partnership, and plaintiffs herein, against the following defendants, namely, Laverty Brothers, a partnership, and the Oakland State Bank. Plaintiffs seek an accounting in respect of certain funds whereof they allege that the above named defendants are trustees and that such funds represent the proceeds from the sale of cattle to Laverty Brothers.

The record discloses that, on or about October 30, 1927, the plaintiffs sold 60 steers to Martin Fredstrom, for which Fredstrom gave to them his promissory note in the sum of $5,425.85, payable April 29, 1928, and as security therefor Fredstrom executed a mortgage wherein the steers were given as security. Plaintiffs contend that, pursuant to the terms of the mortgage, Fredstrom agreed that the steers should not be removed from Burt county without the written consent of the plaintiffs, but that, notwithstanding the agreement, Fredstrom removed the steers from Burt county and shipped them to South Omaha, where they were sold to Laverty Brothers, and it appears that the proceeds of the sale were transmitted by Laverty Brothers to the defendant bank.

The plaintiffs' argument is that the defendants at all times material to this inquiry had full knowledge of the plaintiffs' rights in the premises, but that the defendants utterly disregarded such rights. The plaintiffs' contention is that the defendants became and are now trustees of the proceeds arising from the sale of the steers, but that the defendants have refused to comply with the demand of the plaintiffs for a delivery of such funds.

The bank alleged that any remittances received by Fredstrom were received by him direct from Laverty Brothers, and that any and all money withdrawn by him was in the regular and usual course of business; and that none of the money in question was used to apply on any indebtedness owing by Fredstrom to the bank. The bank denied that it held the funds as trustee at any time for the benefit

of the plaintiffs, and also denied that it at any time had any knowledge or information that the plaintiffs claimed an interest or right or title thereto. After the submission of the evidence the court dismissed the action as to Laverty Brothers. And, in its decree, the court found for the bank and dismissed the plaintiffs' petition on the ground of want of equity. The plaintiffs have appealed.

It appears that, in another action, the plaintiffs obtained a judgment against Fredstrom for $5,425.85, together with interest thereon at 8 per cent. from October 29, 1927, costs, and attorney's fees, but that no part of such judgment has been paid.

Fredstrom sold the mortgaged cattle to Laverty Brothers in March and some in February, 1928, and within a week thereafter the plaintiffs were notified of the sale. And it appears that Fredstrom was willing to pay the amount of his note in the event that a settlement or allowance was made for certain of the cattle which it is alleged were diseased. The proceeds of the sale of the cattle were deposited in the defendant bank. That the plaintiffs knew of such deposit appears from certain correspondence in the record. But the plaintiffs do not appear to have made any claim against such funds for approximately a year and a half thereafter. And where the plaintiffs had knowledge of the sale of the steers and the subsequent deposit of the proceeds thereof in the defendant bank, but made no claim therefor until some time thereafter, we conclude that they are now barred from asserting their right to such funds. The judgment dismissing the petition for want of equity is right and it is

AFFIRMED.